IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EMMA J. LAVINE,

    Plaintiff

v.

AAMES FUNDING CORP., et al.,

    Defendants.

No. 3:16-cv-01489-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motions to Dismiss for Failure to State a Claim [14, 18]. For the reasons set forth below, I GRANT Defendants' Motions and DISMISS the case.

## BACKGROUND

On February 22, 2006, Plaintiff Emma Lavine executed a promissory note ("the Note") for a loan in the amount of $208,650, secured by a Deed of Trust encumbering 506 NE Monroe Street, Portland, Oregon 97212 ("the Subject Property"). The Deed of Trust listed Aames Funding Corporation ("Aames") as the lender and beneficiary, and First American Title Insurance Company as the Trustee. The Deed of Trust was recorded in the Office of the Multnomah County Recorder on February 28, 2006, as Instrument No. 2006-036716.

On June 4, 2008, Aames assigned the Deed of Trust to LaSalle Bank National Association ("LaSalle"). Sometime thereafter, Bank of America merged with LaSalle. On

1 – OPINION AND ORDER

December 10, 2012, Bank of America assigned all rights and interests in the Deed of Trust to U.S. Bank, and on December 24, 2012, the assignment was recorded as Instrument No. 2012-166692.

Ms. Lavine defaulted on her loan in February 2009. On March 13, 2013, U.S. Bank initiated judicial foreclosure proceedings in the Multnomah County Circuit Court, which eventually resulted in summary judgment in U.S. Bank's favor. A Judgment of Foreclosure was entered against Ms. Lavine on March 25, 2014, and a Writ of Execution in Foreclosure was entered on December 31, 2014. Despite the foreclosure, it appears Ms. Lavine continues to live in the Subject Property.

On July 22, 2016, Ms. Lavine brought suit against Aames, LaSalle, Goldman Sachs Mortgage Company ("Goldman Sachs"), GS Mortgage Securities ("GS"), Wells Fargo Bank ("Wells Fargo"), Mortgage Electronic Registration Systems ("MERS"), and Does 1 through 100. Although she asserts several causes of action, her central claim is that her loan is unenforceable because it was improperly securitized. She alleges the securitization process involved several transfers that were not properly performed and are therefore void. She also claims that during the securitization process, the Note and underlying mortgage were separated, making them unenforceable. As a result of these deficiencies, Ms. Lavine claims that no Defendant was in a position to enforce the mortgage against her.

In addition to her claims about improper securitization, Ms. Lavine also alleges several issues dealing with the substance of the Note. Specifically, she alleges that the terms and conditions of the Note were unclear and inconspicuous, and not properly disclosed by Aames. She also claims that Aames wrongfully qualified her for a loan in the first place, knowing that she could not afford the amount.

On August 18, 2016, Defendants Goldman Sachs and GS filed a Motion to Dismiss [14]. Then, on August 22, 2016, Defendant's U.S. Bank (erroneously sued as LaSalle), Wells Fargo, and MERS filed an Amended Motion to Dismiss [18]. After unsuccessfully seeking a preliminary injunction, Ms. Lavine responded to the Motions on February 8, 2017.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make "detailed factual allegations" at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

In addition to the general pleading requirements, a party alleging fraudulent conduct "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this heightened standard, a plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). This includes identifying the role of the individual defendants in the alleged fraudulent scheme. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Ms. Lavine asserts ten causes of action arising from Defendants' alleged conduct: (1) Lack of Standing/Wrongful Foreclosure; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violations of TILA and HOEPA; (9) Violation of RESPA; and (10) Rescission. Several problems with Ms. Lavine's Complaint warrant its dismissal. Some of these problems pertain to Ms. Lavine's claims against particular Defendants and others pertain to the claims themselves.[1]

### I.   Request for Judicial Notice

As a preliminary matter, Defendants U.S. Bank, Wells Fargo, and MERS request that I take judicial notice of several documents submitted with their Motion to Dismiss. Generally, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But, "under Rule 201 of the Federal Rules of Evidence, [a] court may take judicial notice, on its own or at a party's

---

[1] It is important to note that Ms. Lavine's Complaint is virtually identical to the complaint filed in *Strong v. Lehman Brothers Bank*, absent the TILA, HOEPA, and RESPA claims. *See* No. 6:16-cv-01498-MC, 2016 WL 6093476, at *1 (D. Or. Oct. 17, 2016). In *Strong*, this Court dismissed the plaintiff's complaint, finding that it relied solely on a theory that the Ninth Circuit has explicitly rejected. *See id.* (citing *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011)). The same fill-in-the-blank complaints have also been filed in a number of district courts around the country and have been resoundingly rejected. *See, e.g.*, *Sutch v. World Sav. Bank*, No. C16-5860BHS, 2017 WL 202161 (W.D. Wa. Jan. 18, 2017); *Kennedy v. World Sav. Bank, FSB*, No.: 14–cv–05516–JSC, 2015 WL 1814634 (N.D. Cal. Apr. 21, 2015); *Goode v. PennyMac Loan Servs.*, LLC, No. 14 C 01900, 2014 WL 6461689 (N.D. Ill. Nov. 18, 2014).

request, of 'matters of public record.'" *Nelmes v. Nationstar Mortg., LLC*, No. 3:16-cv-615-AC, 2016 WL 7383335, at *1 (D. Or. Nov. 9, 2016) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

Here, Defendants request that I take judicial notice of the Adjustable Rate Balloon Note, the recorded Deed of Trust, Assignments of the Deed of Trust, and court documents from the state foreclosure proceeding in the Multnomah County Circuit Court. These documents are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Thus, I GRANT the Request for Judicial Notice [18-1] and consider these documents on Defendants' current motions to dismiss.

## II.     Issues Pertaining to Individual Defendants

### A.  *Claims Against Aames*

According to the docket, Defendant Aames was never served. Accordingly, all claims against Aames are dismissed without prejudice.

### B.  *Claims Against Does 1 Through 100*

Ms. Lavine brings claims against "Does 1 through 100, inclusive." Besides alleging that she will amend the Complaint "to allege their true names and capacities when ascertained," Ms. Lavine does not mention who these parties might be, let alone what they allegedly did. Moreover, there is no indication that any one of these parties was ever served. *See* Fed. R. Civ. P. 4(m) (requiring service to be effectuated within 90 days of the complaint being filed, absent good cause for delay). As such, I dismiss the claims against Does 1 through 100 without prejudice.

### C. *Claims Against U.S. Bank*

In the Complaint, Ms. Lavine alleges that LaSalle, rather than U.S. Bank, is the party that claims ownership of the Note. Even though I must generally accept allegations in the Complaint as true, I need not accept legal conclusions contradicted by the underlying foreclosure documents. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1192 (9th Cir. 2015). According to the Assignment of Deed of Trust [18-1], Bank of America, as successor by merger to LaSalle, assigned the Note to U.S. Bank. Additionally, U.S. Bank, not LaSalle, was the entity that initiated foreclosure proceedings in the Multnomah County Circuit Court [18-5]. Thus, I construe all claims asserted against LaSalle to be against U.S. Bank.

The doctrine of claim preclusion, formerly known as *res judicata*, generally prevents a party from relitigating claims that were raised or could have been raised in a prior action. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). When claim preclusion arises out of a state court judgment, "a federal court must give the state court judgment the same full faith and credit as it would be entitled to in the courts of the state in which it was entered." *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 784 (9th Cir. 1986) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

The federal court must also apply the preclusion law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Oregon, claim preclusion "forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005). When asserted against a defending party from the previous action, the question is not whether the defending party was required to file a compulsory counterclaim but whether the cause of action was

"necessarily adjudicated by the former judgment." *Gwynn v. Wilhelm*, 360 P.2d 312, 314 (Or. 1961) (finding that a patient could be estopped in her malpractice suit against a physician if the exercise of due care and skill by the physician was "essential to the judgment" in the physician's previous suit against the patient).

Here, Ms. Lavine's claims are based on the improper securitization of the loan and the resulting inability of any party, including U.S. Bank, to enforce the Note. In the underlying state action, U.S. Bank initiated foreclosure proceedings against Ms. Lavine and received judgment in its favor. *U.S. Bank v. Lavine*, No. 13030382, (Mar. 25, 2016, Multnomah County Circuit Court). The state court determined that U.S. Bank could enforce the Note and conduct the judicial foreclosure. This finding was clearly essential to the judgment. Thus, the claims that Ms. Lavine now brings against U.S. Bank are barred under the doctrine of claim preclusion and are dismissed with prejudice.

### III.   Issues Pertaining to the Claims Themselves[2]

#### A.  *Claims Based on Improper Securitization*

Although it is somewhat difficult to differentiate the theories upon which Ms. Lavine's claims are based, at least five of her claims appear to depend on theories that have been explicitly rejected in Oregon and this Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (rejecting the theory that the MERS system splitting the deed from the note necessarily creates a situation in which no party has the power to foreclose); *Chruszch v. Bayview Loan Servicing, LLC*, No. 3:15-cv-01131-MO, 2015 6756130, at *3 (D. Or. Nov. 4, 2015) (holding that the securitization of a mortgage loan does not provide the borrower with a cause of action); *Deutsche Bank Tr. Co. Ams. v. Walmsley*, 374 P.3d 937, 941 (Or. App. 2016)

---

[2] Defendants U.S. Bank, Wells Fargo, and MERS also make arguments related to Ms. Lavine's standing to assert her claims. Because I ultimately dismiss all of Ms. Lavine's claims for other reasons, I do not address these standing arguments.

7 – OPINION AND ORDER

(finding that the holder of an instrument is entitled to enforce it even if the holder does not own the note or fails to comply with contractual obligations under a pooling service agreement). As such, these claims are legally insufficient.

Ms. Lavine's first claim is for wrongful foreclosure, in which she claims that no Defendant had the right to foreclose on the Subject Property. She argues that Defendants "did not properly comply with the terms of Defendants' own securitization requirements (contained in the PSA)." As noted above, this theory is legally insufficient. Moreover, in Oregon, a tort claim for wrongful disclosure does not exist as a cause of action. *Elizabeth Retail Props. LLC v. Keybank Nat. Ass'n*, 83 F. Supp. 3d 972, 991 (D. Or. 2015). Therefore, I dismiss Claim I with prejudice.

Ms. Lavine's fourth claim is for intentional infliction of emotional distress. There, she alleges that Defendants caused her emotional distress by "fraudulently attempting to foreclose or claiming the right to foreclose on a property in which they have no right, title, or interest." Again, this claim is based on an inaccurate theory that no Defendant had the power to foreclose on the property and is contradicted by the underlying foreclosure documents. Additionally, to state a claim for intentional infliction of emotional distress, a claimant must show that the defendant's acts "constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Straudenraus*, 901 P.2d 841, 849 (Or. 1995) (en banc) (citation omitted). Initiating foreclosure proceedings, although stressful and upsetting to the resident, does not constitute the requisite type of extraordinary and outrageous conduct required under Oregon law. *See Subramaniam v. Beal*, No. 3:12-cv-01681-MO, 2013 WL 5462339, at *4 (D. Or. Sept. 27, 2013); *Reeves v. ReconTrust Co., N.A.*, 846 F. Supp. 2d 1149, 1168 (D. Or. 2012). Therefore, I dismiss Claim IV with prejudice.

Ms. Lavine's fifth claim is for slander of title. In Oregon, the elements of a slander of title claim are: "(1) a published statement that disparages a person's title; (2) that is false; (3) that is made with malice; and (4) special damages." *Miller v. C.C. Meisel Co., Inc.*, 51 P.3d 650, 663 (Or. App. 2002). Here, Ms. Lavine alleges that Defendants "disparaged [her] exclusive valid title by and through the preparing, posting, publishing, and recording of . . . documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." This claim is based on Ms. Lavine's contention that the loan's improper securitization left no Defendant with a valid interest in the Subject Property. As noted above, Ms. Lavine's theory is legally insufficient. Moreover, the Assignment of Deed of Trust [18-3] and underlying foreclosure preclude me from finding anything other than U.S. Bank owned and could enforce the Note. Therefore, Ms. Lavine fails to state a claim for slander of title, and I dismiss Claim V with prejudice.

Ms. Lavine's sixth claim to quiet title is similarly flawed because it depends on the same insufficient theory that no Defendant has any interest in the Subject Property. Furthermore, in order to secure a judgment quieting title, Ms. Lavine must prove that she has "a substantial interest in, or claim to, the disputed property and that [her] title is superior to that of [D]efendants." *Coussens v. Stevens*, 113 P.3d 952, 955 (Or. App. 2005). This standard requires Ms. Lavine to "prevail on the strength of [her] own title as opposed to the weaknesses of [D]efendants' title." *Id.* Here, Ms. Lavine's claim to quiet title is based completely on the purported weakness of Defendants' interest in the Subject Property rather than the strength of her own. Also, Ms. Lavine admits that she took out a mortgage loan from Aames and does not allege that she ever satisfied or is willing to satisfy the amount remaining on the loan. *See Branson v. Recontrust Co.*, No. 3:11-cv-1526-HO, 2012 WL 1473395, at *6 (D. Or. Apr. 26, 2012)

(refusing to overturn the non-judicial foreclosure sale because "where the foreclosure sale was due to plaintiffs' failure to make their loan payments and subsequently cure their default, there is nothing to suggest that the declaratory relief they seek is equitable"). For these reasons, Ms. Lavine fails to state a claim to quiet title, and I dismiss Claim VI with prejudice.

Finally, in her seventh claim, Ms. Lavine seeks a declaration that no Defendant has any right or interest in the Subject Property. Again, this claim relies on the insufficient legal theory that the Note was improperly securitized and is not enforceable. Thus, Ms. Lavine fails to state a claim for declaratory relief. I dismiss Claim VII with prejudice.

### B. *Fraud Claims*

Ms. Lavine makes two claims arising in fraud: fraud in the concealment (Claim II) and fraud in the inducement (Claim III). Under her fraud in the concealment claim, Ms. Lavine alleges that "Defendants concealed the fact that the Loans were securitized as well as the Securitization Agreements." This concealment, Ms. Lavine asserts, had a "materially negative effect" on her and caused her to enter into an agreement that she otherwise would not have. Under her fraud in the inducement claim, Ms. Lavine alleges that "Defendants were attempting to collect on a debt [in] which they have no legal, equitable, or pecuniary interest." She also alleges that Defendants' failure to disclose the material terms and conditions of the transaction induced her to enter into the original agreement.

To the extent that her fraud claims are based on her improper securitization theories, they are insufficient for the reasons stated above. To the extent that they are based on Defendants' failure to disclose material terms and conditions of the loan transaction, the claims fail to satisfy the heightened pleading requirement under Rule 9(b) for fraud claims.

First, the claims make no distinction between Defendants accused of engaging in

fraudulent conduct. Ms. Lavine alleges, for example, that "*Defendants* concealed the fact that the Loans were securitized" and "the material misrepresentations were made by *Defendants*." In fact, the allegations in the Complaint go back and forth between the singular and plural us of "Defendant" without any explanation as to which specific Defendant engaged in what specific activity. Failing to identify the specific role of each Defendant in the fraudulent scheme renders the claim insufficient under Rule 9(b).

Additionally, the Complaint fails to adequately plead the specific content of the alleged misrepresentations. Ms. Lavine alleges that Defendants failed to disclose the material terms and conditions of the original transaction and that such failure to disclose induced her to enter into the loan. She does not, however, adequately identify what the material terms were or the manner in which they were concealed. At most, Ms. Lavine claims that the alleged fraudulent conduct included concealment of: "(1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions." These terms are undefined and do not provide Defendants with sufficient notice of the nature of Ms. Lavine's claims. Because Ms. Lavine has not adequately pled the "who" or the "what" of the alleged misrepresentations, she has failed to state a claim for relief under either Claim II or III. Accordingly, I dismiss the claims without prejudice.[3]

### C. *Statutory Claims*

Finally, Ms. Lavine alleges several statutory violations stemming from Defendants' alleged conduct. Specifically, she alleges violations to the Truth in Lending Act (TILA), the

---

[3] Defendants Goldman and GS argue that Ms. Lavine's fraud claims are also time-barred. In Oregon, claims based in fraud have a statute of limitations of two years. Or. Rev. Stat. § 12.110(1) (2016); *Bell v. Benjamin*, 222 P.3d 741, 743-44 (Or. App. 2009). This limitations period commences at the time the plaintiff discovers the fraud, which is "when the plaintiff knew or should have known of the alleged fraud." *Bell*, 222 P.3d at 744 (quoting *Mathies v. Hoeck*, 588 P.2d 1, 2-3 (Or. 1978). Here, Goldman and GS argue that because Ms. Lavine's fraud claims are based on securitization, the statute of limitations began to run in 2006 when the loan was securitized. Without knowing the specific nature of the terms or conditions that were supposedly undisclosed, however, it is difficult to determine when Ms. Lavine became aware of the alleged fraud and, thus, when the limitations period began.

11 – OPINION AND ORDER

Home Ownership and Equity Protection Act (HOEPA), and the Real Estate Settlement Procedures Act (RESPA).

### 1. TILA/HOEPA Claim

Ms. Lavine's eighth claim is based on Defendants' alleged violations of TILA and HOEPA. In her Complaint, she asserts:

> Defendants violated TILA/HOEPA by failing to provide [her] with accurate material disclosures required under TILA/HOEPA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend.

Although claiming that Defendants failed to make "material disclosures," Ms. Lavine does not identify what these disclosures were or the statutory provisions that were allegedly violated. She simply makes a legal conclusion that fails to give Defendants adequate notice of the claim she is asserting. Thus, she has failed to adequately state a claim for damages under TILA and/or HOEPA.

Defendants also argue that Ms. Lavine's TILA claim is time-barred. The statute of limitations for a TILA claim for damages is one year. 15 U.S.C. § 1640(e). The limitations period generally commences when the borrower enters into the loan agreement. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). A court may toll the limitations period, however, if applying the one-year bar "would be unjust or frustrate the purpose of the [statute]." *Id.* In this case, Ms. Lavine entered into the loan agreement with Aames on February 22, 2006. Accordingly, she was required to bring her claim by February 22, 2007. She did not file her Complaint until July 22, 2016, meaning that unless the doctrine of equitable tolling applies, the claim is time-barred. Ms. Lavine asserts the limitations period should be tolled, but her claim is devoid of factual support that would allow me to determine whether the one-year limitation

should not be enforced. Thus, because I cannot definitively tell whether the claim is time-barred, I dismiss Claim VIII without prejudice.

### 2.  RESPA Claim

Under her ninth claim, Ms. Lavine asserts that Defendants violated RESPA, which prohibits payment or receipt of "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). Here, Ms. Lavine alleges that "Defendants violated RESPA because the payments between Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self serving." Based on this language, it is difficult to determine the exact basis for Ms. Lavine's RESPA claim. Much like her eighth claim, she does not identify Defendants' actions giving rise to her claim or the statutory provisions that such actions supposedly violated. Accordingly, Ms. Lavine has failed to provide sufficient facts to make her RESPA claim plausible on its face. Thus, I dismiss Claim IX without prejudice.

### 3.  Rescission Claim

In her tenth and final claim, Ms. Lavine seeks rescission of her mortgage loan. Although she asserts several bases for the rescission, her main reason appears to be based on TILA. Under TILA, a borrower may rescind "any credit transaction in which a security interest is created in the [borrower's] home" if the lender fails to make the required disclosures. *King*, 784 F.2d at 913. But this right to rescind is subject to an absolute three-year limitation period, commencing on "the date of consummation of the transaction or upon the sale of property, whichever occurs first." 15 U.S.C. § 1635(f). There is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998).

13 – OPINION AND ORDER

Ms. Lavine entered into the loan agreement with Aames on February 22, 2006, meaning her right to rescind under TILA expired on February 22, 2009. Thus, regardless of whether she states a claim for rescission under TILA, that claim is time-barred. To the extent her claim for rescission is based on other grounds, such as failure to provide a mortgage loan origination agreement or public policy, Ms. Lavine provides no factual allegations supporting a plausible claim for relief. Because it is unclear whether Ms. Lavine is relying solely on TILA or other independent grounds for her rescission claim, I dismiss the claim without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [14, 18] are GRANTED. All claims against U.S. Bank are dismissed with prejudice. All claims against Aames and Does 1 through 100 are dismissed without prejudice. Ms. Lavine's first, fourth, fifth, sixth, and seventh claims are dismissed with prejudice because they rely on an insufficient legal theory. Ms. Lavine's second, third, eighth, ninth, and tenth claims are dismissed without prejudice.

IT IS SO ORDERED.

DATED this __9th__ day of March, 2017.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
Chief United States District Judge